UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DETRICK SMITH,

    Petitioner,

v.                                  Case No:  2:15-cv-532-FtM-29CM
                                        Case No. 2:09-CR-59-FTM-29CM
UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #140)[1]. The government filed a Response in Opposition to Motion (Cv. Doc. #8), and petitioner filed a Reply (Cv. Doc. #11). The Court finds that oral arguments are not required, and that an evidentiary hearing is not warranted, Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015).

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

**I.**

On August 5, 2009, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner with possession of firearms (a 9mm Luger and a .38 caliber Taurus) and ammunition after having been convicted of a felony, all in violation of 18 U.S.C. § 922(g)(1), § 924(e), and § 2. The Indictment identified several prior felony convictions, including robbery with a firearm, sale or delivery of cocaine, two separate convictions for possession of cocaine, felony battery, and possession of a controlled substance.

Counsel filed a Motion to Suppress Evidence (Cr. Doc. #23) on petitioner's behalf, which was denied. (Cr. Doc. #48.) Petitioner signed a Waiver of Right to Trial by Jury and Request for Specific Findings of Fact (Cr. Doc. #54), which was approved by the Court, and the bench trial was held on February 3, 2010. (Cr. Docs. #58, #59.) By written Opinion and Order, the Court found petitioner not guilty as to the Skyy Industries 9 mm Luger, and otherwise guilty of count One as to the Taurus .38 caliber revolver, serial number JB61158, the three rounds of Master .38 caliber ammunition which were loaded in the Taurus revolver, and the seven rounds of Winchester-Western 9 mm Luger ammunition loaded in the Skyy Industries Luger. (Cr. Doc. #61.)

On July 12, 2010, the Court heard arguments on defendant's objection to his classification as an armed career criminal. (Cr. Doc. #68.) In an Opinion and Order (Cr. Doc. #74), the Court sustained the objection, finding that the felony battery conviction was not a qualifying predicate conviction. On July 20, 2010, the Court sentenced petitioner to a term of imprisonment of 108 months, to be served partially concurrent with the term imposed in Lee County Circuit Court, Case No. 09-CF-15184, beginning from the date of the entry of this judgment, followed by a term of supervised release. (Cr. Doc. #76.) Judgment (Cr. Doc. #77) was filed on July 21, 2010.

Petitioner appealed the conviction, and the government appealed the sentence. The Eleventh Circuit affirmed the conviction, but vacated and remanded the case for resentencing under the Armed Career Criminal Act. The Eleventh Circuit found that felony battery *did* qualify as a violent felony because the statute requires purposeful, violent, and aggressive conduct similar to burglary, arson, extortion, or crimes involving the use of explosives. United States v. Smith, 448 F. App'x 936, 940 (11th Cir. 2011). A writ of certiorari was denied. Smith v. United States, 568 U.S. 1192 (2013).

On April 1, 2013, petitioner was resentenced to a term of 180 months of imprisonment, with the Armed Career Criminal Act

enhancement.  The Judgment Upon Remand (Cr. Doc. #126) was filed on April 2, 2013.  Petitioner appealed this second sentence.  The Eleventh Circuit noted that the ACCA designation had become the law of the case, and affirmed the sentence.  United States v. Smith, 559 F. App'x 884, 889 (11th Cir. 2014).  The Petition for writ of certiorari was denied, Smith v. United States, 135 S. Ct. 147 (2014), and the request for rehearing was denied, Smith v. United States, 135 S. Ct. 1490 (2015).

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015) (Johnson II), which was made retroactively applicable on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016).  The undersigned reappointed the Federal Public Defender to represent petitioner for any post-conviction relief, if appropriate.  (Cr. Doc. #138.)  The pending motion under 28 U.S.C. § 2255 was timely filed by counsel.

On October 4, 2016, petitioner filed a Notice of Supplemental Authority and Request for Oral Argument (Cv. Doc. #13) in light of the ruling in United States v. Vail-Bailon, 838 F.3d 1091 (11th Cir. 2016) determining that Vail-Bailon's prior conviction for felony battery did *not* qualify as a crime of violence, and vacating Vail-Bailon's sentence for further proceedings.  On November 21,

2016, the Eleventh Circuit granted the government's request for a rehearing, and vacated the prior opinion pending rehearing.

On rehearing en banc in Vail-Bailon, the Eleventh Circuit determined that a felony battery conviction does qualify as a crime of violence under the elements clause of the Armed Career Criminal Act. As a result, Vail-Bailon's sentence was affirmed and reinstated. United States v. Vail-Bailon, 868 F.3d 1293 (11th Cir. Aug. 25, 2017).

## II.

Petitioner raises only one issue: Petitioner asserts that he is no longer subject to an Armed Career Criminal Act sentence enhancement because his prior felony battery conviction no longer qualifies as a "violent felony" under the applicable statute. The government responds that the prior conviction for felony battery still qualifies as a crime of violence under the elements clause of the statute, and therefore relief should be denied.

A defendant charged with being a felon in possession of a firearm or ammunition faces a statutory maximum of ten years imprisonment. 18 U.S.C. §§ 922(g), 924(a)(2). Under the ACCA, however, a defendant who has three previous felony convictions[1] for a violent felony or a serious drug offense, or both, is subject

---

1 The other two qualifying felonies are not at issue in the Motion.

to an enhanced sentence of at least fifteen years imprisonment. 18 U.S.C. 924(e)(1). Under the ACCA,

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that--
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .

18 U.S.C. § 924(e)(2)(B). Subsection (i) is referred to as the "elements clause"; the first clause of subsection (ii) is referred to as the "enumerated offenses clause," which the second clause is known as the "residual clause". Beeman v. United States, 871 F.3d 1215, 1221 (11th Cir. 2017). In Johnson II, the United States Supreme Court held that the "residual clause", 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and a violation of the Due Process Clause of the United States Constitution. Johnson II was made retroactive to cases on collateral review. Welch v. United States, 136 S.Ct. 1257, 1268 (2016).

Felony battery is not an enumerated offense, and the residual clause is no longer applicable. Petitioner asserts that felony battery is also not within the elements clause, while the government argues to the contrary. The Eleventh Circuit has now

held that a felony battery conviction under Florida law is a crime of violence within the meaning of the ACCA. Vail-Bailon, 868 F.3d at 1299-1302; United States v. Green, No. 14-12830, 2017 WL 4321551, at *17 (11th Cir. Sept. 29, 2017). Therefore, this argument is foreclosed and relief must be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #140) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA